UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL EDWARDS LOPEZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) Nos.: 3:12-CR-018-PLR-HBG-1 ) 3:14-CV-054-PLR |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This is a pro se prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. On February 1, 2016, the Court found that Petitioner's claim that counsel was deficient for not objecting to the factual basis of the plea agreement was without merit and that his claim that counsel was deficient for failing to file a direct appeal required a hearing [Doc. 54[1] p. 3–6]. As such, the Court referred this matter to United States Magistrate Judge H. Bruce Guyton for an evidentiary hearing on this claim [*Id.* at 6; Doc. 55], which was held on March 29, 2016 [Doc. 59]. On September 1, 2017, Magistrate Judge Guyton issued a Report and Recommendation recommending that the Court deny Petitioner's claim that counsel was deficient because he did not file an appeal [Doc. 62]. For the reasons set forth below, the Court will accept and adopt Judge Guyton's Report and Recommendation [*Id.*] in its entirety.

**I.    STANDARD OF REVIEW**

District courts are required to review a magistrate judge's report and recommendation de novo. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). The district court is only

---

[1] All docket citations are to Criminal Case No. 3:12-CR-018.

1

required to review "those portions of the report or specified proposed findings or recommendations to which objection is made," however. 28 U.S.C. § 636(b). A petitioner seeking relief under § 2255 has the burden to establish that he is entitled to such relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (2006).

## II. ANALYSIS

The Court has carefully considered the Report and Recommendation of Magistrate Judge Guyton, as well as the relevant filings in the record and the evidentiary hearing transcript. Petitioner has filed objections to the Report and Recommendation [Doc. 70-1], in which Petitioner does not dispute the status of the law or the summary of testimony set forth in the Report and Recommendation, but rather disputes Magistrate Judge Guyton's analysis of the testimony and his conclusion that Petitioner's claim should be denied.

First, it is apparent that two separate issues were addressed by the parties at the evidentiary hearing. The first was whether Petitioner requested that counsel file a direct appeal of his sentence and counsel failed to do so, as alleged in both Petitioner's § 2255 motion [Doc. 41 p. 4] and the affidavit in support thereof [Doc. 46 p. 4]. As to this issue, Petitioner testified at the evidentiary hearing that he never "directly" said anything to counsel about an appeal [Doc. 65 p. 21, lines 20–21], counsel testified that he was "a hundred percent sure" that Petitioner had not asked him to file a direct appeal [Doc. 65 p. 39, lines 7–17], and nothing in the testimony of Petitioner or counsel suggests that Petitioner requested that counsel file a direct appeal of his conviction. Further, Petitioner has not objected to Magistrate Judge Guyton's finding that Petitioner did not request that counsel file a direct appeal after sentencing. Accordingly, the Court will not further review Petitioner's claim that counsel was deficient for not filing a direct appeal.

The second issue addressed at the evidentiary hearing was whether Petitioner requested that counsel further pursue the denial of his motion to suppress and counsel failed to do so.[2] Here, the testimony at the evidentiary hearing differed substantially. Specifically, Petitioner testified that after counsel told him that they had a good shot of winning an "appeal" of the underlying criminal case report and recommendation regarding denial of the motion to suppress, he told counsel "let's do that then" and never changed that direction [*Id.* at 7, lines 6–11]. Counsel, however, specifically testified at the hearing that the decision not to further pursue the motion to suppress was "certainly a decision that [Petitioner] made that I discussed with him" and as to his recollection of his conversation with Petitioner after issuance of the report and recommendation in the underlying criminal case recommending denial of the motion to suppress, including his

---

[2] The Court notes that, as set forth above, the Court only referred this matter for an evidentiary hearing on the issue of whether Petitioner timely requested that counsel to file a direct appeal. Further, the Court notes that nothing in Petitioner's timely-filed § 2255 motion [Doc. 41] can be liberally construed to assert an argument regarding Petitioner requesting and/or Petitioner's counsel failing to further pursue the denial of the suppression motion in the underlying criminal case. Rather, Petitioner first raised this argument in the affidavit in support of his § 2255 motion that he signed on June 2, 2014 [Doc. 46 p. 2], which is therefore the date on which the affidavit is deemed filed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary).

Petitioner's claim in his June 2, 2014, affidavit that counsel did not appeal the denial of the suppression motion was untimely, however. The Court's judgment of conviction against Petitioner was entered on February 6, 2013, and Petitioner did not appeal that conviction. Section 2255(f) of Title 28 of the United States Code therefore required Petitioner to file all § 2255 claims within a year of the expiration of his ninety-day window to file a writ of certiorari with the Supreme Court. *Clay v. United States*, 537 U.S. 522, 525, 532 (2003). As such, Petitioner was required to file all § 2255 claims on or before May 7, 2014.

As neither party raised issue of the timeliness of Petitioner's claim regarding the pursuit of the suppression issue, the parties addressed the pursuit of the suppression claim at the evidentiary hearing and in their recent filings, and the record fully supports Magistrate Judge Guyton's finding on the merits of the pursuit of the suppression issue in his Report and Recommendation, however, the Court will fully adopt that Report and Recommendation as set forth herein.

3

recollection that Petitioner was, at that point, "wanting to get the case over with, if there was a potential resolution that was favorable" [*Id*. at 25, lines 2–25 and 26, lines 1–4].[3]

The testimony at the evidentiary hearing supports finding that while Petitioner initially wanted to further pursue the motion to suppress, Petitioner changed his mind and instead decided to have counsel pursue plea negotiations. This finding is also supported by the record as a whole, including the lack of any objection to the underlying criminal case report and recommendation recommending denial of the motion to suppress, the fact that Petitioner was informed by counsel in review of the plea waiver[4] and by the Court at sentencing that he was giving up his right to appeal, and Petitioner's lack of inquiry as to the alleged appeal of the suppression motion after he was informed by counsel that no appeal was pending. As such, Petitioner has not met his burden of proof on this issue.

### III. CONCLUSION

Accordingly, for the reasons set forth above, after a thorough review of Report and Recommendation, along with the relevant filings and the evidentiary hearing transcript, the Court will accept and adopt the Report and Recommendation [Doc. 62] in its entirety. The Court specifically finds that Petitioner's claim that his attorney failed to file a direct appeal after Petitioner specifically requested that he do so is without merit. Also, to the extent Petitioner raised

---

[3] As set forth herein, contrary to Petitioner's assertions in his objections to the Report and Recommendation, Petitioner's counsel did not testify at the evidentiary hearing only that he "thought" that Petitioner had changed his mind regarding appealing the ruling on the motion to suppress. Rather, counsel testified specifically as to the conversation he had with Petitioner as to this issue [Doc. 65 p. 25, lines 2–25 and 26, lines 1–4] and then later testified that he "thought" Petitioner had changed his mind [*Id.* at 40, lines 18–25], a thought that was likely based on the conversation he had relayed in his earlier testimony.

[4] Contrary to Petitioner's objections, it is apparent from the testimony at the evidentiary hearing that counsel reviewed the plea waiver with Petitioner [Doc. 65 p. 28–39].

4

a § 2255 claim that his counsel failed to further pursue the motion to suppress after Petitioner specifically requested that he do so, the Court finds that this claim is likewise without merit. Petitioner has also filed a motion for copies of the objections filed by counsel to Magistrate Judge Guyton's Report and Recommendation [Doc. 74]. This motion [Doc. 74] will be **GRANTED** to the extent that the Clerk will be **DIRECTED** to send Petitioner a copy of the filed objections [Doc. 70-1], if she has not already done so.

Under 28 U.S.C. § 2253(c)(2), the Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 18 § 2253(c)(2). As to his first claim of insufficient assistance of counsel, Petitioner has not made a substantial showing that he was denied a constitutional right because he adopted the factual basis of his plea agreement by signing it, stated under oath before the Court that the facts in the plea agreement were true, admitted under oath that he was guilty of the charged offenses, and stipulated in the plea agreement that the institutions that he robbed were federally insured. Further, as to his second claim, as set forth above the Court finds that Petitioner did not direct his counsel to file an appeal and that Petitioner has not established that counsel was deficient for not pursuing the motion to suppress any further. Thus, the Court finds that Petitioner has not established that counsel was deficient and a COA **SHALL NOT ISSUE**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

5

Case 3:12-cr-00018-PLR-HBG   Document 75   Filed 03/30/17   Page 5 of 6   PageID #: 1087

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

_____/s/ Pamela L. Reeves_____
UNITED STATES DISTRICT JUDGE