UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-18-KAC-JEM |
| | ) | |
| DANIEL EDWARD LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendant Daniel Lopez's pro se (1) "Motion for Reconsideration" [Doc. 131], as supplemented by his later filings [Docs. 132; 133; 134; 135; 136; 137; 138; 139] and (2) Motion "to Supplement Motion for Reconsideration" [Doc. 140]. For good cause, the Court **GRANTS** Defendant's Motion "to Supplement Motion for Reconsideration" [Doc. 140]. But because Defendant has not provided any legal basis for the Court to reconsider its prior Order denying Defendant's Motion for Compassionate Release, the Court denies Defendant's Motion for Reconsideration, as supplemented.

On August 22, 2022, the Court denied Defendant's May 3, 2022 "Substitute Motion for Previously Filed Compassionate Release Motion," [Docs. 123; 124], concluding that "release from prison would be inconsistent with the 18 U.S.C. § 3553(a) factors," [Doc. 128 at 4]. The Court thoroughly and thoughtfully considered each of Defendant's purported "extraordinary and compelling reasons" in support of Defendant's request [*Id.* at 5-11]. But the Court concluded that "the nature of the offenses of conviction in this case"—two (2) bank robberies, each in violation of 18 U.S.C. § 2113(a) and (d); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)—and Defendant's thirteen (13) past convictions,

including two (2) other federal bank robbery convictions, weighed against providing a sentence reduction [*Id.* at 11-12]. The Court determined that "[c]ompassionate release on the facts of this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protected the public from future crimes of this defendant" [*Id.* at 12]. This case was then reassigned to the undersigned.

Through several filings, Defendant now asks the Court to "reconsider its current judgement [sic]" and grant "his previous motion for compassionate release" [Doc. 131 at 1-2, 13]. Defendant asserts that the Court placed too much "weight" on Defendant's "former decision-making process and his criminal history," which, he contends, are "now in the far past" and "should not preclude him for [sic] being considered for relief" [*Id.* at 2, 9]. Defendant further asserts that the Court "inadvertently missed" or did not fully credit Defendant's (1) rehabilitative efforts while incarcerated and (2) "current character" [*Id.* at 1-2, 4; *see also* Docs. 138 at 1; 139 at 1-2]. Defendant also provided additional documentation supporting his previously-asserted medical conditions and extensive programming [Docs. 133 at 2; 135 at 1; 138]. He also argued that changes to the law through the First Step Act of 2018 would have "played a major mitigating role" in his "decision to forgo trial and sign a plea agreement" [Doc. 140 at 3]. Last, Defendant cited a "proposed amendment" to the United States Sentencing Commission's policy statements in the United States Sentencing Guidelines [*See id.* at 3-4].

"Although the Federal Rules of Criminal Procedure do not authorize motions for reconsideration, the Supreme Court determined many years ago that defendants may file them." *United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020) (citing *United States v. Healy*, 376 U.S. 75, 78 (1964)). In evaluating a motion to reconsider in the criminal context, the Court "rel[ies]

on 'analogous precedent arising under the Federal Rules of Civil Procedure.'" *United States v. Johnson*, No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 3, 2022) (quoting *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)). But "a motion to reconsider generally is not a vehicle to reargue a case; it may not be used to raise arguments that could have been raised on initial consideration." *LaDeau*, 734 F.3d at 572. To demonstrate his entitlement to relief, Defendant must show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *United States v. Wood*, No. 12-CR-27, 2021 WL 3132706, at *2 (E.D. Tenn. July 23, 2021) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)), *aff'd*, No. 21-5791, 2022 WL 515661 (6th Cir. Feb. 11, 2022).

Defendant has not met that burden here. Defendant identifies no clear error of law that the Court committed in denying Defendant's previous Motion for Compassionate Release. Nor could he. After considering each of Defendant's purported bases for compassionate release, the Court applied the correct legal standard in concluding that the balance of the Section 3553(a) factors did not support a modification of Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (noting that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do no need to address the others"). And Defendant has not identified any newly discovered evidence, intervening change in law, or particular "manifest injustice." *See United States v. Carney*, No. 21-CR-98, 2022 WL 678648, at *2 (M.D. Tenn. Mar. 4, 2022) (defining "manifest injustice" as "a fundamental flaw in the court's decision" leading to an inequitable result). Defendant's "Motion for Reconsideration," as supplemented, primarily presents arguments that the Court considered and rejected in its prior Order—an insufficient basis for

reconsideration. *See LaDeau*, 734 F.3d at 572. Further, the First Step Act of 2018 predated Defendant's May 3, 2022 compassionate release motion. And as Defendant recognizes, the Sentencing Commission's recent "proposed amendment" to its policy statements has not yet been approved, and likewise is not an intervening change in law.

Because Defendant has not demonstrated an appropriate legal basis for the Court to reconsider its prior Order, the Court **DENIES** Defendant's "Motion for Reconsideration" [Doc. 131], as supplemented by later filings [Docs. 132; 133; 134; 135; 136; 137; 138; 139; 140].

IT IS SO ORDERED.

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge